**Sandra GALVAN, Individually and as Next Friend of Valerie Rubio, Minor, and Maria Zempoaltcalt, Individually, Appellants**

**v.**

**Rosalva GARCIA, Appellee**

**No. 04-15-00643-CV**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: August 31, 2016

Brendan K. McBride, McBride Law Firm, San Antonio, TX, Aizar J. Karam Jr., Karam Law Firm, McAllen, TX, for Appellant.

Nicholas Dominguez, Vidaurri, Lyde, Rodriguez & Haynes, LLP, San Antonio, TX, Guillermo Tijerina Jr., Vidaurri, Lyde, Rodriguez & Haynes, LLP, Edinburg, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice Patricia O. Alvarez, Justice Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

In the underlying lawsuit, Appellants Sandra Galvan, individually and as next friend of Valerie Rubio, a minor, and Maria Zempoaltcalt, sued Appellee Rosalva Garcia for negligence arising from an automobile accident in which vehicles driven by Galvan and Garcia collided. On appeal, Galvan and Zempoaltcalt contend: (1) the jury's zero damage findings are against the great weight and preponderance of the evidence; and (2) the trial court erred in substituting its judgment for that of the jury by finding an amount to award Galvan for past medical expenses instead of granting a new trial. We reverse the trial court's judgment and remand the cause to the trial court for a new trial.

### PROCEDURAL AND FACTUAL BACKGROUND

On May 21, 2013, Galvan and Garcia were driving their vehicles through a parking lot when they collided. Rubio, Galvan's five-year-old daughter, and Zempoaltcalt were passengers in Galvan's vehicle. Although Galvan declined medical assistance at the scene, she later took herself and Rubio to the emergency room where she incurred medical expenses. On June 26, 2013, Galvan, Rubio, and Zempoaltcalt sought treatment from Khit Chiropractic, and Galvan also subsequently received injections in her back from Dr. Jorge Saenz.

Approximately one year later, Galvan and Zempoaltcalt sued Garcia. The matter was called for trial on March 23, 2015, and the jury found 50% of negligence attributable to both Galvan and Garcia. In the trial court's charge, the jury was asked what sum of money that would fairly and reasonably compensate Galvan, Rubio, and Zempoaltcalt for her damages in each of the following categories:

(1) Galvan's past physical pain and mental anguish;

(2) Galvan's future physical pain and mental anguish;

(3) Galvan's past physical impairment;

(4) Galvan's future physical impairment;

(5) Galvan's past medical expenses;

(6) Galvan's future medical expenses;

(7) Galvan's lost wages;

(8) Rubio's past physical pain and mental anguish;

(9) Rubio's past medical expenses;

(10) Zempoaltcalt's past physical pain and mental anguish;

(11) Zempoaltcalt's past physical impairment;

(12) Zempoaltcalt's past medical expenses; and

(13) Zempoaltcalt's lost wages.

The jury awarded zero damages for each category.

On July 15, 2015, the trial court signed a judgment based on the jury's verdict. On July 22, 2015, Galvan and Zempoaltcalt filed a motion for new trial asserting, inter alia, the jury's verdict was against the great weight and preponderance of the evidence. The motion for new trial was set for a hearing on September 16, 2015, and

on September 10, 2015, Garcia filed Defendant's Motion to Disregard Jury Findings, specifically requesting the trial court disregard the jury's findings on question 3(e) (Galvan's past medical expenses) and 4(b) (Rubio's past medical expenses). The trial court granted Garcia's motion and signed a judgment finding the sum of money that would compensate Galvan for past medical expenses Galvan incurred for her injuries was $1,606.15 and the sum of money that would compensate Galvan for past medical expenses Galvan incurred for Rubio's injuries was $77.38. Based on the jury's 50% negligence findings, the judgment reduced the damage awards proportionally by 50% and awarded Galvan $841.77, plus prejudgment and post-judgment interest. Galvan and Zempoaltcalt appeal this judgment.

We turn first to Galvan's and Zempoaltcalt's argument that the trial court erred in entering an award on past medical expenses and not granting a new trial.

## TRIAL COURT'S FINDINGS ON PAST MEDICAL EXPENSES

In their second issue, Galvan and Zempoaltcalt contend the trial court erred in substituting its judgment for that of the jury by finding an amount to award Galvan for past medical expenses after granting Garcia's motion to disregard the jury's findings. Galvan and Zempoaltcalt contend the trial court was required to grant a new trial.

Garcia counters that because Galvan and Zempoaltcalt invited the trial court to make the finding, they cannot complain about the trial court's finding on appeal. Garcia also contends the evidence was sufficient to support the jury's zero damage finding; therefore, the trial court's finding is harmless.

## A. Invited Error Doctrine

■ "The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex.2009) (citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005)). In other words, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested." *Tittizer*, 171 S.W.3d at 862.

### 1. Galvan's and Zempoaltcalt's Request For Past Medical Expenses

■ Garcia contends Galvan and Zempoaltcalt invited the trial court to make findings regarding the amount to be awarded for past medical expenses. Garcia's argument isolates certain statements made by Galvan's and Zempoaltcalt's attorney at the hearing on Garcia's motion to disregard the jury's findings. In those statements, Galvan's and Zempoaltcalt's attorney informed the trial court that he was not arguing the "medical that was incurred five weeks later." Reading the entire record, however, demonstrates Galvan's and Zempoaltcalt's attorney argued the only proper remedy was to grant a new trial.[1] This argument is consistent

---

1. Plaintiffs' Counsel: ... So *the only option that this Court has is to grant a new trial* and, Your Honor, I—

Trial Court: Would the new trial be for all issues? I mean—

Plaintiffs' Counsel: Well, that's what I was going to say. It could actually—it can be for all issues. However, if the Court felt like we should just go back to the jury on damages and just stick with the liability finding that was rendered, I would be in agreement to do that if [Defense Counsel] was in agreement to do that. So that's certainly an option.

Your Honor, I've looked into can the Court submit a JNOV for these, and I don't think that's a viable option for the Court. I don't think—*I think your only option is to*

with the argument made in Galvan's and Zempoaltcalt's response to Garcia's motion to disregard jury findings. Accordingly, we hold Galvan's and Zempoaltcalt's complaint is not barred by the invited error doctrine.

*2. Garcia's Argument that Finding is Harmless*

■ Garcia also argues the trial court's finding is harmless. We interpret Garcia's argument as the trial court could have denied her motion to disregard because the evidence was sufficient to support the jury's zero damage findings. At its core, Garcia appears to be indirectly arguing that because the trial court erred in granting her motion, Galvan and Zempoaltcalt could not be harmed by being awarded damages they would not otherwise have received. This contention, however, is barred by the invited error doctrine. *See id.*; *see also Chuck Wagon Feeding Co., Inc. v. Davis*, 768 S.W.2d 360, 365 (Tex. App.–El Paso 1989, writ denied) (concluding trial court's modification to instruction based on plaintiff's request, barred plaintiff's appellate complaint of instruction as modified). Here, Garcia filed the motion to disregard the jury's zero damage findings and cannot complain the trial court's action in granting the motion was erroneous. *See id.*

**B. Propriety of Trial Court's Findings on Past Medical Expenses**

■ A trial court is authorized to disregard a jury's findings *"and* to substitute its own judgment of the proper measure of damages, but only in specific circumstances." *State v. Huffstutler*, 871 S.W.2d 955, 960–61 (Tex.App.–Austin 1994, no pet.). "Specifically in regard to damages, a

trial court may render a judgment notwithstanding the verdict and substitute its own judgment only if the evidence conclusively proves the damages sought by the movant." *Ginn v. NCI Building Sys., Inc.*, 472 S.W.3d 802, 844 (Tex.App.–Houston [1st Dist.] 2015, no pet.) (citing *Huffstutler*, 871 S.W.2d at 960–61); *see also Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, —— S.W.3d ——, ——, 2016 WL 3917211, at *8 (Tex.App.–Texarkana 2016, no pet. h.) ("In order for the trial court to substitute a damage award in place of the jury's finding, the damages must have been conclusively proven.").

■ To recover for past medical expenses, a plaintiff must prove the actual amount of the expenses incurred and that those expenses were reasonable and necessary. *See Doctor v. Pardue*, 186 S.W.3d 4, 20 (Tex. App.–Houston [1st Dist.] 2006, pet. denied). In the instant case, the trial court's findings were based on the hospital medical expenses incurred by Galvan and Rubio; however, the amount awarded for Rubio's hospital expenses was less than the amount contained in the billing records that were admitted as an exhibit. The billing records for Rubio's hospital services showed the amount incurred was $584.83; yet, the trial court only awarded $77.00 for those services. *Cf. Owens v. Perez ex rel. San Juana Morin*, 158 S.W.3d 96, 110 (Tex.App.–Corpus Christi 2005, no pet.) (concluding hospital records submitted pursuant to Texas Civil Practices and Remedies Code section 18.001 did not conclusively establish the amount of damages or causal nexus between accident and medical expenses).

*grant a new trial in this case.* There is no other remedy. And so, Your Honor, that's what we're asking for.

Again, I'm open to the possibility of just doing it on damages if [Defense Counsel] is.

I don't know. He may want to go back for a second crack and try to zero me out on liability as well. I just don't know.

The record also contained evidence regarding additional medical services Galvan and Zempoaltcalt asserted were incurred as a result of the accident. Although Garcia disputed whether those services were necessary, or stemmed from injuries caused by the accident, the record does not conclusively establish the services were *unnecessary* or were *not for injuries caused by the accident. Ginn*, 472 S.W.3d at 844; *see also Whitaker v. Rose*, ·218 S.W.3d 216, 223 (Tex.App.–Houston [14th Dis.] 2007, no pet.) ("A claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary as a· result of the injury."). Here, the.evidence raised a fact issue regarding whether those ·services were necessary and were for injuries caused by the accident.

· Because the record does not conclusively establish the amount of damages that should be awarded for past medical expenses, the trial court erred in substituting its judgment by finding an amount to award instead of granting a new trial. *See Dudley Constr., Ltd.,* —— S.W.3d at ——, 2016 WL 3917211, at *8 ("In order for the trial court to substitute a damage award in place of the jury's finding, the damages must have been conclusively proven."). Accordingly, we conclude the trial court's damage award for past medical expenses was in error.[2]

### CONCLUSION

Having concluded that the evidence did not conclusively establish the amount that should be awarded· for Galvan's and Rubio's past medical expenses, the trial court erred in substituting its judgment with

regard.to the amount of damages to award instead of ordering a new trial on damages. Because this ·court "may not order a separate trial solely on unliquidated damages if liability is contested," we reverse the· trial.court's judgment and remand the cause to the trial court for a new trial. TEX. R. APP. P. 44.1(b); *accord Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (remand for new trial only on damages issue is improper even where appellant did not challenge liability post-judgment).

---

**2.** Because our holding on Appellants' appellate issue regarding the trial court's award of past medical expenses is dispositive of this appeal, we need not address Appellants' contention the jury's zero damage findings are against the great weight and preponderance

of the evidence. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").