

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00311-CV

Margaret Fay **GUIDRY**,
Appellant

v.

Edward James **GUIDRY**, Jr.,
Appellee

From the 452nd District Court, Menard County, Texas
Trial Court No. 2018-05589
Honorable James L. Rex, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

AFFIRMED

Appellant Margaret Fay Guidry appeals the final decree of divorce from appellee Edward James Guidry, Jr. The decree incorporated a mediated settlement agreement (MSA) signed by the parties. Margaret contends that the trial court erred in rendering the decree because it did not strictly comply with the MSA and she did not voluntarily agree to modify it. We affirm.

### BACKGROUND

On November 1, 2018, Edward filed for divorce; Margaret filed an answer and counterpetition a week later. The parties had no children together and they settled the case in

mediation where both parties were represented by counsel. In their February 18, 2019 MSA, Edward agreed to refinance the couple's home and the associated 72.53 acres and to pay Margaret $264,000 to buy her interest in that property. He agreed to do so within 90 days of receipt of the prior three years of tax returns. Margaret agreed to vacate the property within 30 days of receipt of the $264,000.

Edward then lost his job and was unable to refinance the home. On June 4, 2019, Edward filed a motion for temporary orders seeking to take possession of the property, to list it for the certified appraisal value of $440,000, and to pay Margaret $264,000 when the property sold. On July 3, 2019, the trial court held a hearing on the motion. By this time, Margaret was no longer represented by counsel.

At that hearing, Margaret testified that she would like to keep the home, that the property was not worth $440,000, and that it would not sell soon. She argued that Edward had not disclosed all his property during the discovery process, so she had agreed to the MSA under false pretenses. The court recessed the hearing so the parties could confer, and when they came back on the record Edward's counsel made a proposal: Margaret would remain in possession of the property until July 1, 2021 and execute a promissory note payable for $136,000 to Edward; if on July 1, 2021, she had not refinanced the property in her own name and paid Edward $136,000, then he would be entitled to take possession of the property, sell it, and pay her the $264,000 owed under the MSA; she would be responsible for paying taxes, utilities, and insurance on the property until July 1, 2021 or until she sold it. The trial court asked Margaret, "Is that your agreement?" After some back and forth, Margaret answered, "Yes, sir." The trial court then rendered judgment on the agreement.

After rendition but before the decree was signed, Margaret filed a series of motions seeking to enforce the original MSA. The trial court ultimately signed the final decree of divorce and an

amended decree, both of which incorporated the MSA as amended on July 3, 2019. Margaret filed a pro se appeal.

**ANALYSIS**

In seven issues which we construe as one, Margaret argues the trial court erred in rendering judgment on the MSA as modified on July 3, 2019, instead of as originally agreed on February 18, 2019.

*Standard of Review*

"We review a trial court's rendition of judgment on a mediated settlement agreement under an abuse of discretion standard." *Briscoe v. Briscoe*, No. 04-18-00437-CV, 2019 WL 1049272, at *2 (Tex. App.—San Antonio Mar. 6, 2019, no pet.) (mem. op.). Under this standard, we "cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

*Applicable Law*

"A mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." TEX. FAM. CODE ANN. § 6.602(b). "If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 6.602(c).

But a litigant cannot ask something of a court and then complain that the court committed error in giving it to him. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). The "invited error" doctrine applies to bar subsequent complaints when an error is made at the

invitation and solicitation of the litigant. *Galvan v. Garcia*, 502 S.W.3d 382, 385 (Tex. App.—San Antonio 2016, no pet.).

*Application*

Here, Margaret does not dispute that the original MSA met section 6.602's statutory formalities. *See* TEX. FAM. CODE § 6.602(b). The trial court was therefore required to enforce it unless Margaret established it "was illegal or was procured by fraud, duress, coercion, or other dishonest means." *Glynn v. Glynn*,— S.W.3d —, No. 01-20-00371-CV, 2022 WL 175361, at *3 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.).

Margaret argues that she was coerced into the modification "all because Appellee stated he stopped working on June 27th, 2019 and couldn't afford to refinance" and "Judge Hofmann went along with Appellee's story and forced a Modification of the MSA." But "[i]n a suit for dissolution of a marriage, the husband and wife are competent witnesses for and against each other." TEX. FAM. CODE ANN. § 6.704(a). If either testifies, "the court or jury trying the case shall determine the credibility of the witness and the weight to be given the witness's testimony." *Id*. § 6.704(b). Edward testified that he had been turned down for refinancing by Triumph Lending, Quicken Loans, and Brady National Bank. The trial court was entitled to credit that testimony. *Zimmerman*, 2005 WL 1812613, at *3 ("As the fact-finder, the trial court is the sole judge of the witnesses' credibility."). And the only evidence that Margaret's agreement to the settlement modification was coerced was her equivocation on the record. But the trial court rejected the authenticity of her equivocation, stating, "I'm pretty sure I just heard you stand there and say you wanted to stay and have the property. I cannot imagine how this is an unfair deal to you."

Margaret had an opportunity to argue that the MSA was fraudulent and the result of Edward's incomplete representations about the community property, as well as that the amendments to the MSA made on July 3, 2019 should be set aside. She appeared at all hearings,

either through counsel or pro se, and was heard at a meaningful time and in a meaningful manner. *Cf. Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019) (per curiam). Accordingly, we conclude Margaret received the process she was due. *See id.* The trial court did not abuse its discretion in rendering a divorce decree consistent with the parties' agreement. *Briscoe*, 2019 WL 1049272, at \*2; *Highsmith*, 587 S.W.3d at 775.

However, "[u]nder the doctrine of invited error, a party that requests a specific action in the trial court cannot complain on appeal that the trial court committed error in granting the request." *Hous. Laureate Assocs., Ltd. v. Russell*, 504 S.W.3d 550, 567 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Here, it is undisputed that Margaret agreed to the modification. In the transcript of the July 3 hearing, Margaret's agreement to the modification appears on the page before the trial court, speaking directly to her, rendered judgment on that term:

> This agreement which I am approving which is as announced by [Edward's lawyer], that [Margaret] may have possession of the property until July 1st, 2021 or until you sell the property, at which time you'll deliver [Edward] $136,000 as a proceed of the sale. Or if you refinance the property prior to that time, you will deliver him $136,000 as a proceed of the refinance.
> On 7-1-2021, if you haven't refinanced or sold the property and paid him the $136,000, he has complete control of the property with the responsibility then at that point to pay the taxes, insurance, and utilities, and sell the property and deliver you the $264,000 under the MSA. Until you sell the property or July 1st, 2021, you're responsible for the taxes, insurance, and utilities.
> I believe that's the agreement. That's what [Edward's lawyer] is going to put in the order, and in addition to the other things that we've enumerated already. I think that resolves everything completely.

Under the doctrine of invited error, Margaret cannot be heard to complain that the decree—the terms of which she previously agreed to—is not enforceable. *See Matter of Marriage of Collinsworth*, 598 S.W.3d 357, 363 (Tex. App.—Texarkana 2020, no pet.) ("Andrew cannot now complain that the trial court erred in awarding Allison the home when he asked the trial court to do so.").

We therefore hold the trial court did not err in concluding that Margaret voluntarily agreed to the modification. We therefore overrule Margaret's complaints that the trial court erred in rendering the decree.

## CONCLUSION

We affirm the trial court's final decree of divorce.

Beth Watkins, Justice